```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
-------------------------------- x
DEAVEN TUCKER,

         Plaintiff,              Civil No. 3:20cv01810(AWT)

v.

RAMON GORDELIS, DANIEL PAPOOSHA,
ANTHONY BLEKIS, AVIANA MCCRAY,
BRANDON BROMLEY, KATERINE
IOZZIA, ROBERT MARTIN, HURDLE,
SWEATMAN, AND MUCKLE,

         Defendants.
-------------------------------- x
```

**ORDER RE MOTION FOR EXTENSION OF TIME TO SUBMIT APPEAL**

For the reasons set forth below, pro se plaintiff Deaven Tucker's Motion for Extension of Time to Submit Appeal of Summary Judgment (ECF No. 73) is hereby DENIED without prejudice.

The plaintiff moves for an extension of time to submit an appeal "if one has been granted to defendant" Plf.'s Mot. (ECF No. 73) at 1. Initially the court understood the plaintiff to be requesting an extension of time if an extension of time had been granted to the defendants. But upon rereading all of the plaintiff's papers, the court has concluded that the plaintiff is saying that if the defendant's motion for summary judgment has been granted, the plaintiff would like an extension of time in which to file his notice of appeal.

However, the plaintiff has not satisfied the requirements for obtaining an extension of time in which to file a notice of appeal. To make sure the pro se plaintiff understands the rules with respect to a motion for extension of time in which to file a notice of appeal, the court includes in this order the following explanation.

A notice of appeal must be filed with the district clerk within 30 days after entry of the judgment or order appealed from. The judgment in favor of the defendants, which was based on their motion for summary judgment, was entered on March 6, 2024.

Rule 4(a)(5) provides, in pertinent part:

> **(5) Motion for Extension of Time.**
>
> > **(A)** The district court may extend the time to file a notice of appeal if:
> >
> > **(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> >
> > **(ii)** regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4. In Alexander v. Saul, 139 F.4th 139 (2d. Cir. 2021), the court explained that

> Federal Rule of Appellate Procedure 4(a)(5) provides that a district court "may extend the time to file a notice of appeal" if the party seeking an extension "shows excusable neglect or good cause." "The good cause and excusable neglect standards have 'different domains'" and are "not interchangeable." Fed. R. App. P. 4(a)(5) Advisory Committee's Notes to 2002 Amendments (quoting Lorenzen v.

2

> Emps. Ret. Plan, 896 F.2d 228, 232 (7th Cir. 1990)). "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." Id. The "good cause" standard, in contrast, "applies in situations in which there is no fault—excusable or otherwise," such as when "the Postal Service fails to deliver a notice to appeal." Id. (emphasis added). In no-fault circumstances, "good cause" is the appropriate standard because "[i]t may be unfair to make ... a movant prove that its 'neglect' was excusable, given that the movant may not have been neglectful at all." Id. To establish good cause, the movant must therefore show that "the need for an extension is ... occasioned by something that is not within the control of the movant." Id.

Alexander v. Saul, 5 F.4th 139, 147 (2d Cir. 2021).

If the plaintiff chooses to file a renewed motion for an extension of time in which to file an appeal, he should include a timeline of the relevant events, and explain what facts and circumstances, if any, constitute excusable neglect and/or good cause, including an analysis of why they constitute excusable neglect and/or good cause.

Also, the plaintiff states that certain papers were given to his pro bono counsel, who has them all.  Under the circumstances of this case, the court would obtain a statement from the plaintiff's former pro bono counsel with respect to this particular factual assertion by the plaintiff.

**Any renewed motion for extension of time must be mailed within thirty days** from the date of this order.

It is so ordered.

Dated this 21st day of April 2025, at Hartford, Connecticut.

                                    /s/AWT
                              Alvin W. Thompson
                          United States District Judge